## Board of Drainage Commissioners of Ballard County v. Henderson.

### (Decided June 12, 1913.)

### Appeal from Ballard Circuit Court.

1. Appeal—Statutes—Moot Question—Review.—The Court of Appeals will not construe a statute in a moot case, nor until its construction is rendered necessary in order to determine the rights or interests of parties arising thereunder.

2. Drainage—Appeal— Partial Transcript— Presumptions.— The record of a proceeding in the county court, referred to and made a part of the record in an action to enjoin the collection of a drainage tax, not having been copied into transcript, upon appeal it will be presumed that such missing evidence supports the finding and judgment of the chancellor.

W. T. WHITE, H. F. TURNER for appellant.

WM. HENDERSON for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This is an appeal from a judgment of the Ballard Circuit Court, in which we are asked to pass upon the constitutionality of Chapter 143 of the Acts of 1912, approved March 19, 1912, relating to the drainage of lands, the establishment and construction of public levees ditches and drains. Appellee sought in the lower court to enjoin appellant from assessing, levying and collecting a tax upon his land, upon the theory that the proceeding under which it was acting was viod.

From an agreed statement of facts copied into the record, it appears that the proceeding in this case, from its inception down to the time of the rendition of the

judgment, was had, not under the act the validity of which is here assailed but under the statute which the act in question expressly repealed. When the judgment was entered, the parties affected thereby agreed that, although the law under which they had been proceeding was repealed, further proceedings in the case should be under said law. The proceeding having been in part under the old law and in part by agreement, it is apparent that a determination of the correctness of the chancellor's ruling would, in no wise, involve a consideration of or necessitate a construction of the act in question. This court will not construe a legislative act in a moot case, nor until its construction is rendered necessary in order to determine the rights or interests of parties arising under the provisions of such act.

The record shows that the case is here on only a partial transcript. Reference in this record is made to a suit in the county court of Ballard County, which is referred to and made a part of the record in this case, but it has not been copied into this record. In the absence of the record referred to, we must presume that the missing portions of the record contain a statement of facts which justifies and supports the finding and judgment of the chancellor.

For the reasons indicated, the judgment is affirmed.