## Pittinger, et al v. Gratz.

(Decided February 11, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, No. 1).

Forcible Entry and Detainer—Appeal—Dismissal of.—Where it appears on a trial in the circuit court upon a writ of a forcible detainer that the defendant had already been dispossessed, and that the plaintiff or his vendee is then in actual possession of the property, there was no real issue between the parties; and upon appeal to this court from the judgment under such conditions the appeal will be dismissed.

BENJAMIN F. GARDNER for appellants.

CHESLEY H. SEARCY for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Dismissing the appeal.

In April, 1911, Abe Pittinger was the owner of a house and lot in Jefferson county, and at that time conveyed the same to one Mrs. King, there being at the time an agreement between them that Pittinger should dispossess Gratz, his tenant, and deliver to Mrs. King the full possession of the property within a short time thereafter, or upon his failure to do so the sale of Mrs. King might be rescinded.

After the conveyance to Mrs. King by Pittinger he (Pittinger) instituted this forcible detainer proceeding before a justice of the peace against Gratz. In that court judgment was rendered dispossessing Gratz, who traversed the judgment of the justice, executed bond, and appealed to the circuit court.

Upon the trial in the circuit court a peremptory instruction was given to find for the defendant, and from that Judgment Pittinger appeals.

The trial was had in the circuit court, in May, 1912, and upon that trial Mrs. King testified that she had gotten possession of the property on the 22nd. of February, 1912, and was in possession of it at the time of the trial. By taking possession of the property Mrs. King elected to abandon her right to refuse to take the same under her agreement with Pittinger, and there was in fact no existing controversy between Pittinger and Gratz as to the possession of the property. Nor is there in this court

any real issue between these parties. In truth there is only a moot question pending in this court, and for that reason the court upon its own motion dismisses the appeal, and it is so ordered.