## Winslow, et al. v. Gayle, Mayor, et al.

(Decided November 9, 1916.)

### Appeal from Carroll Circuit Court.

Appeal and Error—Dismissal—Moot Question.—This being a moot case the appeal is dismissed.

WINSLOW & HOWE for appellants.

SMITH & GREEN and J. A. DONALDSON & SONS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Dismissing appeal.

Appellants are citizens and property owners in the city of Carrollton, and they filed this action against the

Mayor, members of the Board of Council of said city, and James Shearer to whom the Board of Council had granted a privilege for holding a street fair in the streets of the city of Carrollton on or before December 1, 1915; alleging that the Board of Council was without power to grant such privilege, and that from its exercise great and irreparable injury would result to appellants. The only relief sought was a mandatory injunction compelling the Board of Council to cancel and revoke the pretended authority or license given to use the streets of said city for a street fair. A demurrer was sustained to the petition and it was dismissed, from which judgment this appeal is prosecuted.

Since the license or privilege in controversy expired by its terms on December 1, 1915, and the only relief sought in this action is a mandatory injunction for the cancellation of that license, it is apparent that any judgment that can be rendered would be ineffectual, and that nothing is involved now in this action but an abstract proposition of law. It therefore follows that this action is a moot case.

In Vol. 3, Second Series of Words & Phrases, Page 442, a moot case is thus defined:

"A 'moot case' is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." To the same effect see Caldwell's Kentucky Judicial Dictionary, Vol. 2, page 2188; King v. Tilford, 70 S. W. 1064; Findley v. Smith, 89 S. W. 547; Bledsoe, et al. v. Thompson, et al., 128 S. W. 587; Ludlow v. Murphy, 32 K. L. R. 399, and Potter v. Yonts, 172 Ky. 130.

Wherefore the appeal is dismissed.