### Potter, et al. v. Yonts, et al.

(Decided November 9, 1916.)

#### Appeal from Letcher Circuit Court.

1. **Injunction—Dissmissal of Petition Dissolves Injunction.**—Where a circuit court clerk granted an injunction, and the petition upon hearing by the court was dismissed, the dismissal of the petition ended the case, and necessarily operated as a dissolution of the injunction granted by the clerk.

2. **Appeal and Error—Moot Question.**—It is not within the province of appellate courts to decide abstract, hypothetical, or moot questions, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.

3. **Appeal and Error—Moot Question.**—Where a reversal would accomplish nothing, and an affirmance would not benefit the appellee, the appeal will be dismissed as presenting only a moot question.

W. G. DEARING and D. D. FIELDS & DAY for appellants.

O'REAR & WILLIAMS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Dismissing appeal.

K. S. Potter, Frank Potter, W. M. Yonts, W. T. Quillen and B. E. Venters, were the trustees for the Baker graded school district No. 5, in Letcher county.

On December 29th, 1915, K. S. and Frank Potter filed this action in their individual capacities and as trustees, and also on behalf of the citizens and patrons of said school district, against Yonts, Quillen and Venters, the other trustees, alleging that Venters had moved out of the district in September, 1915, thereby vacating his position as school trustee; that plaintiffs had made a demand on Yonts, the chairman of the board of trustees, to call a meeting of the trustees for the purpose of declaring a vacancy in the office of trustee held by Venters, and for the election of another trustee in his stead; but that the chairman had declined to do so.

The petition further stated that it was given out in speeches that the defendants would elect teachers after the 1st of January, 1916, for the ensuing year, and that the defendant Venters would take part in the election; that Yonts and Quillen were associating themselves with Venters, the three claiming to constitute a majority of the board; that Yonts was a relative of H. R. Yonts, the principal teacher in said school; that Quillen was the father of Richard Quillen, the assistant teacher in said school; that Venters was a close friend and relative of H. R. Yonts and Richard Quillen; and that H. R. Yonts and Richard Quillen were giving out in words and speeches that they would be employed as teacher and assistant teacher, respectively, for the ensuing year, beginning January 1st, 1916.

It was further alleged that the school as then conducted had been a complete failure; that it was not conducted in a legal or scientific way, nor on scientific principles, and that if H. R. Yonts and Richard Quillen should be employed as teachers for the year 1916, the school would be almost a total loss to the district; and, that unless the defendants should be enjoined and restrained from doing so, they would employ H. R. Yonts and Richard Quillen as teacher and assistant teacher, for the ensuing year.

By way of relief, the plaintiffs asked that W. M. Yonts, W. T. Quillen and B. E. Venters be restrained from convening and acting as a portion of said board of trustees for the purpose of employing teachers for the ensuing year, or from transacting any other school business in said district until the further orders of court.

Upon the filing of the petition, the clerk of the Letcher circuit court entered a restraining order in the language of the prayer of the petition.

Upon the convening of the circuit court in January, 1916, the defendants demurred generally to the petition. The demurrer was sustained and the plaintiffs having declined to amend, the petition was dismissed. From that judgment the plaintiffs prosecute this appeal.

The circuit court was of opinion that a court of equity could not determine the right of a school trustee to hold his office, in a proceeding of this character, especially where there was no other claimant to the office. In the judgment, however, sustaining the demurrer and dismissing the petition, the circuit court declined to pass upon the validity of the restraining order issued by the clerk, in order that that question might be tried upon appeal.

This was error. The dismissal of the petition ended the case, and necessarily operated as a dissolution of the injunction granted by the clerk. The case could not be pending for one purpose after it had been dismissed for all purposes.

Although it may not be necessary to express an opinion upon this point in view of the disposition we shall make of this appeal, we think it not improper to do so, in view of the confusion that seems to exist in this school district by reason of the refusal of the circuit court to formally dissolve the injunction.

It is not, however, within the province of appellate courts to decide abstract, hypothetical, or moot questions, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow. 3 C. J., p. 358.

It was the purpose of this action to prevent the defendants from electing teachers for the scholastic year beginning in January, 1916; and, since that scholastic year has expired, the judgment of this court on appeal would amount to nothing. A reversal would accomplish nothing; an affirmance would not benefit the appellees. King v. Tilford, 24 Ky. L. R. 1270, 70 S. W. 1064; Conn v. Desha, 24 Ky. L. R. 1400, 71 S. W. 513; Waller v. Henderson Tel. & Tel. Co., 31 Ky. L. R. 40, 101 S. W. 372; Searcy v. Fayette Home Telephone, 143 Ky. 811.

This appeal presents, therefore, a mere academic discussion—a moot question.

But, as was said in the Searcy case, *supra,* courts are created for the purpose of trying cases, rather than questions.

Appeal dismissed.