## Bunning v. Commonwealth.

(Decided October 12, 1917.)

### Appeal from Campbell Circuit Court.

1. Intoxicating Liquors—Licenses—Revocation.—Since the liquor license sought to be revoked by this action expired by its terms before the filing of the petition, and the only relief sought was its revocation, it is apparent that any judgment that might be rendered on the appeal would be ineffectual, and that nothing is involved now in this action but an abstract proposition of law.

2. Appeal and Error—Moot Questions.—It is not within the province of appellate courts to decide abstract, hypothetical or moot questions, disconnected from the granting of actual relief or from the determination of which no particular relief can follow. In such case a reversal would bring no relief to the appellant, nor would an affirmance benefit appellee.

3. Appeal and Error—Moot Questions.—A "moot question" is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.

THOMAS P. CAROTHERS and LAWRENCE J. DISKIN for appellant.

CHARLES H. MORRIS, Attorney General, and HENRY F. TURNER, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Settle—
Dismissing appeal.

This case has been submitted upon the motion of the Attorney General to dismiss the appeal, and, also, upon the merits. The judgment appealed from purports to have revoked and cancelled the license of the appellant, Harry Bunning, to sell spirituous, vinous and malt liquors in the village of Fort Thomas, a suburb of the city of Newport, and was rendered on the 27th day of March, 1917. The evidence appearing in the record shows that appellant violated the laws of Kentucky by selling spirituous, vinous and malt liquors in his place of business on Sunday, July 23, 1916. Although Louis W. Cook, Jr., a witness of this violation of the law, made an affidavit August 21, 1916, charging the offense and setting forth the facts constituting same, for some unaccountable reason, no action was taken upon the affidavit until December 1, 1916, on which day the Commonwealth's attorney of the judicial district in which the offense was committed, in the name of the Commonwealth of Kentucky, filed in the Campbell circuit court a petition against appellant, alleging the offense and praying a forfeiture and cancellation of the appellant's license to sell such liquors. Appellant filed an answer denying the commission of the offense. By the judgment rendered the circuit court granted the relief asked by the prayer of the petition. This appeal is prosecuted from that judgment.

The motion of the Attorney General to dismiss the appeal is based on the grounds that the record shows the absence of a real controversy between the parties; that the appeal presents merely a moot case, and that a decision by this court upon the pretended question involved could have no legal effect upon the rights of the parties. It is claimed that the proceeding was instituted under the statute enacted in 1916 known as the "Hutchcraft Law," which makes the commission of such an offense as that charged against appellant a ground for the revocation and cancellation of a license authorizing the sale of spirituous, vinous and malt liquors. It, however, appears from the allegations of the petition that the license to sell such liquors held by appellant at the time of the commission of the offense, was granted and issued to him October 1, 1915; that it ran for one year and, consequently, expired the 1st day of October, 1916. As the

petition of the Commonwealth of Kentucky asking the cancellation of his license was not filed until December 1, 1916, it is patent that the license under which he was operating at the time of the commission of the offense, viz., July 23, 1916, had expired October 1, 1916, and was, therefore, not in existence at the time of the filing of the petition, nor when the judgment of forfeiture and cancellation was entered March 27, 1917.

It appears from the record that at the expiration, on October 1, 1916, of the license granted him October 1, 1915, appellant obtained another like license running from October 1, 1916, to October 1, 1917; but it is to be kept in mind that the license which the prayer of the petition asked be revoked and cancelled, and the license which the judgment of the court attempted to revoke, was the license under which he was doing business at the time of the commission of the offense, and which ran from October 1, 1915, to October 1, 1916. Obviously, the commission by appellant of the offense on Sunday, July 23, 1916, though a violation of the law, gave no cause for depriving him of the license granted him October 1, 1916, which, though not in existence when the offense was committed, was in force at the time of the filing of the petition and when the judgment appealed from was rendered; and it is equally obvious, that the cancellation adjudged had no legal effect as to the license granted appellant October 1, 1915, which, though in effect at the time of the commission of the offense, expired October 1, 1916. Therefore, in rendering the judgment in question the court did a vain and useless thing.

As well said by counsel for the Commonwealth, if the action for the revocation of the appellant's license had been instituted by the Commonwealth's attorney August 21, 1916, when Cook made the affidavit containing the information authorizing it, the evidence appearing in the record might have warranted the revocation of the license under which appellant was then doing business, as it was in force when the offense was committed and continued in force until October 1, 1916. But as the action was not brought until December 1, 1916, two months after the expiration of that license, nothing whatever was, or could be, accomplished by its institution. "The stable was locked after the horse was stolen."

Upon the state of facts shown by the record the appellant was not prejudiced in any substantial right by the judgment appealed from. The license it attempted

to revoke was already dead; and as the license under which he was conducting the liquor business when the action was brought and judgment rendered, had no existence at the time the offense charged was committed, it is in no way affected by the judgment. It, therefore, follows that the appeal submits no real controversy to this court. Indeed, it is merely a moot case, more nearly resembling a farce than a *bona fide* controversy. Our view of the law here applicable is well expressed in the following excerpt from the opinion in Potter, et al., v. Yonts, et al., 172 Ky. 130:

"It is not, however, within the province of appellate courts to decide abstract, hypothetical or moot questions, disconnected from the granting of actual relief or from the determination of which no particular relief can follow. It was the purpose of this action to prevent the defendant from electing teachers for the scholastic year beginning January, 1916, and since that scholastic year has expired the judgment of this court on appeal would amount to nothing. A reversal would accomplish nothing; and an affirmance would not benefit appellees."

In Winslow, et al., v. Gayle, Mayor, et al., 172 Ky. 126, we had before us a case similar in many of its facts to this one. The only relief sought was a mandatory injunction to compel the board of council to cancel and revoke a license given to use the streets of the city of Carrollton for a street fair. A demurrer was sustained to the petition and it was dismissed, from which judgment the appeal was prosecuted. In dismissing the appeal we said:

"Since the license or privilege in controversy expired by its terms on December 1, 1915, and the only relief sought in this action is a mandatory injunction for the cancellation of that license, it is apparent that any judgment that can be rendered would be ineffectual, and that nothing is involved now in this action but an abstract proposition of law. It, therefore, follows that this action is a moot case. In vol. 3, second series of Words and Phrases, page 442, a moot case is thus defined: 'A "moot case" is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.' To the same effect see Caldwell's Ken-

tucky Judicial Dictionary, vol. 2, page 2188; King v. Tilford, 70 S. W. 1064; Findley v. Smith, 89 S. W. 547; Bledsoe, et al., v. Thompson, et al., 128 S. W. 587; Ludlow v. Murphy, 32 R. 399; and Potter v. Yonts, 172 Ky. 130.''

The conclusion we have reached renders unnecessary, indeed, improper, the decision of any other question attempted to be raised by the appeal. For the reasons indicated, the motion of the appellee is sustained, and the appeal dismissed.