## Wheeler v. Patrick.

(Decided September 27, 1921.)

### Appeal from Floyd Circuit Court.

1. Elections—Primary Election Contest—Notice—Sufficiency.—Under Kentucky Statutes, section 1550, subsection 28, providing that in a primary election contest the notice shall warn the contestee of the time and place, when and where, the contestee shall be required to answer and defend such contest, a notice designating the particular court and the county in which it sits is sufficient, and the fact that the words "in the court room," are added, or the words "in the circuit clerk's office" were not used in place of the words "in the court room" in no wise affects the validity of the notice.

2. Elections—Disposition of the Case—Contested Primary Election.— The rule that this court will not reverse a judgment rendered in an election contest, but will certify the result to the proper officers, applies only where the issue has been finally decided in favor of one of the parties and does not apply where the contest was dismissed by the lower court for want of jurisdiction, and the parties have been deprived of an opportunity to take and introduce their evidence. In such a case the judgment will be reversed with directions to hear and determine the case in the manner provided by statute.

C. B. WHEELER and JOHN N. HAMILTON for appellant.

JOSEPH D. HARKINS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

C. B. Wheeler and A. T. Patrick entered the August primary for the purpose of being nominated by the Republican party as its candidate for the office of circuit judge of the 31st judicial district composed of Floyd and Knott counties. Patrick was awarded the certificate and Wheeler instituted a contest. Patrick, the present incumbent of the office, being disqualified, the governor appointed a special judge to hear the case. Being of the opinion that the contest notice was insufficient, the special judge entered a judgment dismissing the proceeding for want of jurisdiction. Wheeler appeals.

The statute provides that the notice shall be served in the same manner as a summons from a circuit court, and shall warn the contestee of the time and place, when and where, contestee shall be required to answer and defend the contest. Kentucky Statutes. section 1550, sub-

section 28. The notice which was served on Patrick contained the following:

"Contestee is a resident of Floyd county, and is therefore called upon and required to answer herein in the Floyd circuit court in the court room in Prestonsburg, Kentucky, on Thursday, September 28th, 1921."

The notice was held insufficient because it warned the contestee to answer in the court room instead of the clerk's office. We are not disposed to take such a narrow view of the statute. The essential feature of the notice with respect to the place where the contestee must answer is the court, and where the particular court and the county in which it sits are designated in the notice, that is sufficient. If these requirements are met then the contestee may file his motions and pleadings in the clerk's office if the court is not in session, or in the court room if the court is in session. Here the notice required the contestee to answer in the Floyd circuit court, and the mere fact that the words "in the court room" are added, or the words, "in the circuit clerk's office," were not used in place of the words, "in the court room," in no wise affected the validity of the notice. It follows that the lower court erred in dismissing the action for want of jurisdiction, because the notice was insufficient.

As the judgment below was erroneous, it remains to determine what disposition shall be made of the case. Both parties are claiming that under the statute this court has no power to reverse the judgment, but must finally decide the contest and certify the result to the proper officers, and each is claiming that he is entitled to a judgment in his favor on the face of the pleadings. It is only where the issue has been finally decided in favor of one of the parties that this fact shall be certified to the proper officers. Kentucky Statutes, section 1550, subsection 28; Price v. Russell, 154 Ky. 824, 159 S. W. 573. This procedure will not be followed where, as here, the contest was dismissed for want of jurisdiction, and the parties have been deprived of an opportunity to take and introduce their evidence. Damron v. Johnson, 192 Ky. 350. In such a case the judgment will be reversed with directions to hear and determine the case in the manner provided by statute.

The motion to quash the bond and discharge the supersedeas is overruled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting, except Judge Sampson.