# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## Logan County Fiscal Court, et al. v. Childress.

(Decided October 6, 1922.)

### Appeal from Logan Circuit Court.

1. Appeal and Error—Moot Questions.—An appeal involving the decision of an abstract question disconnected with the power to extend any practical relief will be dismissed as moot.
2. Appeal and Error—Costs.—An appeal will not lie to the Court of Appeals from a judgment for costs only, or from an order denying a judgment for costs only.
3. Judgment—Void Judgment—Pleadings.—The judgment of a court determining a matter not embraced in the pleadings of the action and not involved in it, is void, as a court would have no jurisdiction of such a subject.

I. G. MASON and S. H. BROWN for appellants.

S. R. CREWDSON, COLEMAN TAYLOR and S. Y. TRIMBLE for appellee.

Opinion of the Court by Chief Justice Hurt—Dismissing appeal.

The appellee, J. E. Childress, was county treasurer of Logan county. On the 20th day of January, 1922, the fiscal court caused a notice to be served upon him, requiring him to appear before it on January 27th, 1922, and show cause why he should not be removed from the office for malfeasance and misfeasance therein, and further notifying him that on the latter date the court would hear proof of the charges preferred, and any such

answer as appellees might desire to make, and such evidence as he might offer relating to the charges. On the 26th of January, 1922, the appellee filed this action in the circuit court against the members of the fiscal court seeking to enjoin them from hearing charges or proceeding to remove him from office on account of same, and obtained a restraining order from the clerk of the circuit court restraining the members of the fiscal court from any action in the matter until the final determination of the action. On the 3rd of February, 1922, the members of the fiscal court made a motion before the judge of the circuit court to dissolve the restraining order, but the motion was overruled, and an order made providing for the continuance of the restraining order in effect until a further order of the court. Thereafter, appellee resigned the office of county treasurer, and his resignation was duly accepted on February 24, 1922.   On March 1st, 1922, the members of the fiscal court tendered an amended answer setting up the fact of appellee's resignation from the office and the court's acceptance of same, and praying that the action of appellee be dismissed at his cost. The court denied the motion to file the amended answer.   On May 15, 1922, the appellee and appellants filed a stipulation by which it was agreed that the appellee had resigned the office of county treasurer, and that his resignation was accepted on February 24, since which time he had made no claim to the office, and that on March 8, 1922, the fiscal court had elected another county treasurer, who had qualified and had since been discharging its duties. The following judgment was then entered: "This cause having been submitted to the court and it appearing to be a moot case, it is therefore ordered that same be dismissed and stricken from the docket of this court, each party to pay his own costs and attorney's fee. · To which ruling and judgment of the court both the plaintiff and defendant object and except." The defendants have taken an appeal from the judgment, and the plaintiff in the action, and appellee here, has moved that the appeal be dismissed as a moot case.

That the action here is a moot one there can be no doubt, as the entire relief sought by the appellee was to prevent the appellants, as members of the fiscal court, from removing him from an office which he vacated several months before the judgment appealed from was rendered; the appellants had accepted his resignation, and elected and installed a successor in the office, and appellee

had made no further claim to the office since his resignation. A decision now of the matters of controversy over the office would be to decide an abstract question disconnected from any actual relief which could be granted, because if the judgment should be reversed no actual relief could be granted by the circuit court touching the matter in controversy. Even, if pending an appeal an event occurs which makes a decision unnecessary, or places matters in such shape that no actual relief can be afforded any one, the appeal will be dismissed as moot. The doctrine that this court will not entertain an appeal when only an abstract question is to be decided, and from the determination of which no practical relief can follow, or when during the pendency of an appeal an event occurs which renders the decision unnecessary, the appeal will be dismissed, has been upheld in numerous decisions. King v. Telford, 24 K. L. R. 1270; McGill v. Bartman, 68 S. W. 1100; Pittinger v. Gratz, 157 Ky. 401; Ballard Co. Drain. Comrs. v. Henderson, 154 Ky. 350; Benton v. Clay, 192 Ky. 497; Winslow v. Gayle, 172 Ky. 126; Thompson v. Thompson, 188 Ky. 811; Williams v. Howard, 193 Ky. 845; Wheeler v. Patrick, 192 Ky. 529; Board of Education v. Jones, 194 Ky. 603.

The only thing in the judgment appealed from which is not moot is the decision of the court with reference to the payment of the taxed costs of the action—the appellants contending that the court erroneously refused to render a judgment against the appellee for the cost incurred by them in defending the action, and adjudged that they pay their own costs and "attorney's fees." It has long been a doctrine adhered to in this jurisdiction that an appeal will not lie to this court from a judgment for costs only, or from an order refusing to render a judgment for costs only. Higgins v. Utterback, 184 Ky. 105; Culver v. Lutz, 171 Ky. 690; City of Columbus v. Bank, etc., 122 S. W. 835; U. S. Bank v. Carroll, 4 B. Mon. 40.

If the judgment with reference to attorney's fees is meant to include anything more than the attorney's fee required to be taxed as costs in an action in the circuit court, it is void, to that extent, as no other attorney's fee was involved in the action or embraced by the pleadings, and the court was without jurisdiction to adjudicate with reference to any other attorney's fee. Cecil v. Cecil's Exrs. 185 Ky. 787.

It is therefore ordered that the appeal be dismissed.