## Hawkins et al. v. Parsons et al.

(Decided June 13, 1930.)

772

JOHN L. VEST and S. GAINES for appellants.

H. B. BEST and L. F. FRYER for appellees.

OPINION OF THE COURT BY JUDGE REES—Dismissing appeal.

G. C. Mullins was employed by the board of education of Pendleton county to teach the school in subdistrict No. 37 in that county during the term beginning on the first Monday in September, 1929. At the November, 1929, election Mullins was elected to the office of county judge of Grant county and immediately after the election he tendered his resignation as teacher in subdistrict No. 37 to the board of education of Pendleton county to take effect on December 13, 1929. He also gave notice of his action to T. M. Wallace, trustee of subdistrict No. 37.

The board of education at its next regular meeting on December 2, 1929, authorized the county superintendent to employ a teacher to fill the vacancy caused by the resignation of Mullins. At that time Wallace, the subdistrict trustee, had not recommended a teacher to fill the vacancy. On December 10, 1929, the county superintendent employed the appellee, Elizabeth Parsons, and on December 12, 1929, he received a letter from the subdistrict trustee recommending the appellant, J. F. Hawkins. Miss Parsons took charge of the school under her contract and on January 2, 1930, J. F. Hawkins and T. M. Wallace brought this action in the Pendleton circuit court in which they sought a mandatory injunction to require the county board of education to employ Hawkins to fill the vacancy caused by the resignation of Mullins. Miss Parsons and the members of the county board of education were made parties defendants.

The defendants filed an answer in which they set out the facts relative to the resignation of Mullins and the employment of Miss Parsons, and alleged that the subdistrict trustee had failed, prior to December 10, 1929, when Miss Parsons was employed, to recommend a teacher for the unexpired term and that an emergency existed and that it was necessary to fill the vacancy in time for a teacher to take charge of the school on December 13.

A demurrer to the answer was overruled and the plaintiffs filed a reply in which they alleged that T. M. Wallace, the subdistrict trustee, was considering the recommendation of Elizabeth Florence for the position of teacher in subdistrict No. 37, but learned on December 10, 1929, that she could not qualify and he then recommended the plaintiff, J. F. Hawkins. A demurrer to the reply was sustained, plaintiffs declined to plead further, and judgment was entered dismissing their petition, and they appeal.

Pursuant to sections 757 and 758 of the Civil Code of Practice the appellees, who were the defendants below, have filed in this court their verified answer, in which they aver that since the rendition of the judgment in the Pendleton circuit court and on the 14th day of March, 1930, the term of school in subdistrict No. 37 in Pendleton county ended, and that there remains only a moot question involved, and they ask that the appeal be dismissed.

Appellants in their reply allege that a question of public interest is involved and that its determination is necessary as a guide to boards of education, county superintendents, subdistrict trustees, teachers and patrons of schools throughout the state, and also to determine whether or not appellant, Hawkins, is entitled to the compensation as teacher for the unexpired term for which he was recommended by the subdistrict trustee.

That the action here is a moot one there can be no doubt. The relief sought by the appellants was to require the county board of education to employ appellant, Hawkins, as teacher in subdistrict No. 37 for the unexpired portion of the school term which ended on March 14, 1930, and to declare void the contract between the county board of education and Miss Parsons. A decision now of the matters in controversy would be to decide an abstract question, because if the judgment should be reversed no actual relief could be granted by the circuit court in this action touching the matter in controversy. Coke v. Shanks, 218 Ky. 402, 291 S. W. 362; Logan County Fiscal Court v. Childress, 196 Ky. 1, 243 S. W. 1038, 1039; Benton, County Clerk v. Clay, 192 Ky. 497, 233 S. W. 1041; Richardson v. Mason Construction Co., 234 Ky. —, 28 S. W. (2d) —. In Logan County Fiscal Court v. Childress, we said: "Even if, pending an appeal, an event occurs which makes a decision unnecessary, or places matters in such shape that no actual

relief can be afforded any one, the appeal will be dismissed as moot. The doctrine that this court will not entertain an appeal when only an abstract question is to be decided, and from the determination of which no practical relief can follow, or when, during the pendency of an appeal, an event occurs which renders the decision unnecessary, the appeal will be dismissed.''

In Benton, County Clerk, v. Clay it was held that where a question had become moot the appeal would be dismissed although a question of public interest was involved. Since this case is moot, the motion of appellees to dismiss this appeal must be sustained.

Appeal dismissed.