## Richardson et al. v. Mason Construction Company et al.

(Decided June 20, 1930.)

JOHN P. HASWELL and ELMER H. HICKS for appellants.

J. W. CAMMACK, Attorney General; CLIFFORD SMITH, Assistant Attorney Geenral, and LAYMEN & ASHCRAFT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Dismissing appeal.

The appellants, G. D. Richardson and others, as plaintiffs below, filed this equity action in the Meade circuit court against Mason Construction Company (hereinafter referred to as "contractor"), the members of the state highway commission, and the members of the Meade fiscal court, seeking to enjoin the performance of a contract whereby the state highway commission let the construction of about five miles of a federal highway, running through Meade county, to the contractor, and being that portion of the highway from Miller's Mill to Cloverport. The ground for the relief sought was that the contract was invalid for the two reasons: (1) That it was not the shortest distance between the two points to be connected by the road, and that the route selected was about 1½ miles longer than another and nearer one over which the highway could be constructed, and because thereof plaintiffs, as taxpayers of Meade county, as well as other taxpayers therein, would suffer an irreparable loss, unless the execution of the contract was enjoined; and (2) that the statute creating the route over which the road was to be constructed as a part of the state projects of its highway system was unconstitutional because enacted in violation of sections 51 and 59 of the Constitution. No temporary order of injunction was obtained, and the court finally heard the case and dismissed the petition, from which judgment this appeal is prosecuted.

Before the filing of the record in this court, and while the suit was pending, the work under the contract was completed, and the contractor received from the highway commission and the fiscal court of Meade county the entire price for its work as required by its contract. In that situation appellees entered their motion in this court to dismiss the appeal because the question involved is moot, and a decision of it by this court, if in favor of appellants, would be but the determination of an academic question, since under the condi-

tions none of the relief they ask could be given them by any of the court's processes.

Under the provisions of section 757 of the Civil Code of Practice the appellees may manifest in this court by a proper motion made for the purpose any facts not shown by the record that disentitle appellant to further prosecute the appeal, and, when such fact or facts are so made to appear, the appeal will be dismissed. That appellate courts will not determine moot questions is a well-founded and universally approved doctrine of appellate practice, and has been followed by this court in all cases where the question was properly presented and when the facts showed that the questions involved had become moot so as not to be cognizable by this court in the particular case. Some of the more recent cases so holding are: Winslow v. Gayle, 172 Ky. 126, 188 S. W. 1059; Logan County Fiscal Court v. Childress, 196 Ky. 1, 243 S. W. 1038; Benton County Clerk et al. v. Clay, 192 Ky. 497, 233 S. W. 1041; Coke v. Shanks, 218 Ky. 402, 291 S. W. 362, and Hawkins v. Parsons, 234 Ky. 771, 28 S. W. (2d) —. Others are cited in those opinions, and it will be found from a consultation of them that, regardless of how important the question is, or however extensive in its public significance, the appeal will be dismissed when it appears that the questions involved have passed beyond the jurisdiction of this court to consider because of becoming moot, and that fact is particularly emphasized in the cited Benton county and Hawkins cases.

It could serve no profitable purpose to insert the reasoning of the court for the adoption of the rule and our approval of it, and we will not incumber this opinion therewith. Suffice it to say that the facts manifested on the motion made by appellees clearly bring the case within the rule announced in the opinions supra, and for that reason the motion is sustained and the appeal dismissed.