## West Virginia Water Service Co. v. Dillon.

(Decided Jan. 16, 1934.)

W. F. GRIGSBY, B. A. RICE and ABEL HARDING for appellant.

O. B. BERTRAM for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Dismissing appeal.

As amended, the petition of the appellee, Mary B. Dillon, sought only an injunction to restrain the appellant, West Virginia Water Service Company, the owner of a franchise in Campbellsville, from collecting alleged excessive rates for water. The issue involved the construction of the franchise, which the record discloses became effective in August, 1913, and extended for a period of twenty years. Relief was granted the plaintiff by a judgment entered in June, 1933. The franchise expired in August, 1933, so, when this appeal was perfected in December, 1933, the foundation of the suit had been removed. The appellee has moved for a dismissal of the appeal because the case has become moot.

It is obvious that any decision upon the merits would affect the rights of neither party and would be but the construction of a dead contract. The opinion would deal with an abstract or academic question and not an existing controversy. Should a reversal be ordered, it would avail the appellant nothing. Should the judgment be affirmed, the appellee would gain noth-

ing. Courts are created and exist to try cases and not legal questions. Searcy v. Fayette Home Telephone Company, 143 Ky. 811, 137 S. W. 777; Winslow v. Gayle, 172 Ky. 126, 188 S. W. 1059; Richardson v. Mason Construction Company, 235 Ky. 17, 29 S. W. (2d) 615; Hawkins v. Parsons, 234 Ky. 771, 29 S. W. (2d) 37.

Wherefore the motion to dismiss the appeal is sustained, and the same is dismissed.