## Davis, et al. v. Walker.

(Decided March 10, 1915.)

### Appeal from Muhlenberg Circuit Court.

1. Wills—Construction—Devise to Wife.—A will by a husband which provided that his property should be held by his wife at her disposal during her lifetime, and that at her death so much thereof as she might die seized or possessed of was to be sold, not only gave to the wife a life estate therein, but in addition thereto empowered her to sell and convey so much of the testator's land as she might deem proper.

2. Deeds—Construction.—A deed by a widow to land in which she had been expressly given a life estate and also empowered to convey the full title, which shows on its face that her life estate had been confused with her dower rights, and which on its face unmistakably shows the purpose to convey only her dower rights, will be construed to convey her life estate and nothing more.

3. Pleading—Amendments—Practice.—There has been no final adjudication of the rights of a litigant when a demurrer has been sustained to his pleadings and he granted leave to amend, but which leave he has never taken advantage of.

4. Attorney and Client.—It is improper for an attorney who represented a litigant whose rights have not been finally passed upon to accept employment from another litigant whose claim is necessarily antagonistic to that of the first client.

T. O. JONES for appellants.

PETRIE & STANDARD and C. A. DENNY for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

This appeal involves an interpretation of the will of Isaac Walker, deceased, and the effect of a deed made by his widow, Elizabeth Walker, to appellee, J. A. Walker, after the death of Isaac Walker, as well as the effect to be given to certain proceedings had in the Muhlenberg Circuit Court upon the rights of the Home Mission Board of the Southern Baptist Church.

Isaac Walker died in 1892 leaving a will wherein he provided:

"I give and bequeath all my estate, real and personal, of which I may die seized, or possessed, except my gun, hereinafter specifically devised, to my beloved wife, Elizabeth Walker, if she shall be living at the time of my death; to have and to hold the same at her disposal during her natural life; but if she shall not survive me, or when she shall have departed this life, then the same or so much thereof as she may die seized or possessed of shall be sold at public auction by my executor for ready money or on such credit and the amount thereof secured in such manner as is usual in like cases, to insure the full and prompt payment thereof, and the proceeds, after paying expenses and placing respectable, not costly, tomb stone at the head of the grave of both myself and beloved wife, to be given to the Southern Missionary Society of the Baptist Church."

The testator left a small tract of about 85 acres of land, and the first question to be determined is the charaster of estate which his widow, Elizabeth Walker, took therein under his will.

It is apparent from the language of the will that it was uppermost in the testator's mind to make ample provision for his widow; the provision therein that she should "hold the same at her disposal during her natural life," followed by the further provision that "when she shall have departed this life then the same or so much thereof as she may die seized or possessed of shall be sold," evidenced an unmistakable purpose upon his part, not only to give her the life estate therein expressly provided for, but, in addition, to empower her to sell and dispose of so much thereof as she might deem proper. Considering the relations between the parties no other interpretation can be given to the language used; his subsequent disposition of so much of the property as she

might die seized or possessed of is inconsistent with any other purpose upon his part than that she might exercise the right to sell same and make title to it.

It follows from this interpretation of the will that it was within the power of the widow to convey to J. A. Walker and give title to the tract of land; but it yet remains to be determined what was the nature of the estate conveyed by her to him.

In January, 1896, Elizabeth Walker conveyed to J. A. Walker, in consideration of $100, the tract of land in controversy with the following provision in the deed:

"Being the entire dowery interest in all the land owned by Isaac W. Walker at the time of his death. Said land is in Todd County on the waters of Caney, being the same land willed to the Southern Baptist Church by Isaac W. Walker, husband of the party of the first.

"To have and to hold the same, together with all appurtenances thereunto belonging unto the party of the second part, his heirs and assigns forever, with covenant of general warranty as regards her dower interest."

It is clear from the language used in the deed that Elizabeth Walker had confused in her mind the life estate which she thought her husband had left her by his will, with her dower interest in his land, and the double reference in the language quoted from the deed to her dower interest, can be given no other effect than the conveyance by her of her life estate in the lands so devised by her husband. To hold under the terms of this deed that J. A. Walker took the full fee simple title to the lands therein embraced would be to give no effect whatever to the controlling expressions used therein. And this interpretation is greatly strengthened, if not made conclusive, by the fact that the consideration, if it had been the purpose to convey the fee simple title, would have been grossly inadequate, and by the reference to the land in the deed as "the same land willed to the Southern Baptist Church by Isaac W. Walker."

The appellants, Dulaney Davis and Alphonso Walker, in a suit to settle the estate of Isaac Walker and Elizabeth Walker filed an answer and cross-petition against J. A. Walker wherein they alleged that they were the only heirs-at-law of J. A. Walker; that the attempted devise by J. A. Walker to the Southern Missionary Society of the Baptist Church after the expiration of the life estate of Elizabeth Walker had failed, and that they

as such heirs-at-law were, therefore, entitled to the land at the death of Elizabeth Walker, which had previously occurred.

J. A. Walker answered, asserting title in himself under the deed from Elizabeth Walker, and the lower court adjudged that J. A. Walker took the full title under that deed and dismissed the cross-petitions of the appellants, and from that judgment this appeal is taken.

We have already determined that J. A. Walker only took, under the deed from Elizabeth Walker, a life estate for and during her life in the lands conveyed.

In January, 1910, the corresponding secretary of the Home Mission Board of the Southern Baptist Church filed an answer in the suit to settle the estate of Isaac Walker, asserting title in remainder to the property in question or the proceeds thereof, alleging that it was the testator's intention for the property to go to the Home Mission Board of the Southern Baptist Church at the death of Elizabeth Walker, and asking that the will be so construed. In September, 1910, the court sustained a demurrer to this pleading of the Home Mission Board of the Southern Baptist Church and granted it leave to amend, but so far as the record before us discloses it has never amended, and there has been no final adjudication upon its rights.

With the record in this condition appellants in 1912 filed their answer, which they made a cross-petition against J. A. Walker, but which was not made a cross-petition against the Home Mission Board of the Southern Baptist Church, wherein they alleged that the attempted devise by Isaac Walker to the Southern Missionary Society of the Southern Baptist Church had failed, and that J. A. Walker had only taken under his deed from Elizabeth Walker her life estate in the land, and prayed that they, as the heirs-at-law of Isaac Walker, be adjudged the owners of the land.

The right of the heirs-at-law to the land in controversy is based wholly upon the assumption that the devise to the Southern Missionary Society of the Baptist Church has failed or is ineffectual, and yet the record discloses that the rights of that society have not been finally passed upon.

It appears that, although there had been no final action upon the claim asserted by the Home Missionary Society of the Baptist Church to the land in con-

troversy, in 1912 the same attorney who filed the pleading for the Home Mission Board asserting its right to the land, filed the cross-petition of the heirs-at-law asserting title to the same land and alleging therein that the attempted devise had failed.

It gives the court no pleasure to criticize the acts of attorneys, but the state of this record places the attorney who filed these pleadings asserting these claims for two clients, whose claims were necessarily antagonistic, in an unenviable light. It may be that something outside of the record fully justified the course of the attorney, or it may be that the Home Mission Board had finally abandoned its claim, and that he was then free to accept employment from the heirs-at-law; but, if so, it would have been much better for an attorney who was duly jealous of his professional reputation to have had the record show these facts.

Upon the return of the case the heirs-at-law will be permitted to amend their cross-petition and make the proper parties defendants thereto.

The judgment is reversed, with direction to enter a judgment in favor of the heirs-at-law as against J. A. Walker, and for further proceedings consistent herewith.