# Clore, et al. v. Clore, et al.

### (Decided February 28, 1919.)

## Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. **Wills—Construction of Words Giving Devisee Right "To Use and Enjoy for Life."**—Under a will giving to his wife and daughter "whatever remains of my estate to use and enjoy during their natural lives with remainder, if any, to my son," the wife and daughter had the right to use the entire income of the estate and so much of the corpus as might be necessary to furnish them comfortable support and maintenance; but they did not have the right to use any more of the corpus than might be needed for this purpose.

## On Petition for Modification.

2. **Wills—Use of Corpus of Estate.**—The wife and daughter in such case do not have an unrestricted right to consume or to dispose of the corpus of the property, and they should obtain an order of court for the sale or disposition of the corpus and an order directing the sum or sums which they have the right to consume under the terms of the will, and if the court be of the opinion that it would be to the best interest of all parties to sell the entire property at one time, it may be done, and the proceeds placed in the hands of a trustee, with directions to advance it as the necessities of the life tenants may require. Neither can the life tenants consent to the sale of a portion of the property in satisfaction of a mortgaged debt, since infants are involved and the land should be sold in the usual way.

THUM & ROY and JOHN L. WOODBURY for appellants.

E. L. McDONALD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Reversing.

William T. Clore in the first clause of his will, which was made in 1915, and admitted to probate in 1916, directed that all of his just debts should be paid; and in the second clause he said: "I give and devise to my beloved wife, Mollie Clore, and my daughter, Mamie Clore, equally, whatever remains of my estate, to use and enjoy during their natural lives, with remainder, if any, to my son, J. Mason Clore, if living, and in the event of his death before my decease and the decease of my wife, Mollie Clore, and my daughter, Mamie Clore, the remainder above mentioned to his legal heirs equally."

The testator left surviving him his widow, Mollie Clore, Mamie Clore, an unmarried daughter, and J. Mason Clore, his son. At the time of his death he owned a house and lot in Middletown, occupied as a residence, that was encumbered by a vendor's lien equal in amount to the value of the property. The only other estate he left consisted of about one hundred acres of land in Jefferson county.

In 1917 this suit was brought by his widow and daughter against his son and the children of his son, asking the chancellor to so construe the second clause in his will as that they would have the right, after the payment of his debts, to sell, mortgage or otherwise dispose of the estate, or so much thereof as they might see proper to sell or dispose of. They also asked that it be adjudged that the children of Mason Clore have no interest in the estate.

After hearing the case upon the issues raised by the pleadings of J. Mason Clore and his children, the court adjudged that under the will the testator devised "to his widow the plaintiff, Mollie Clore, and his daughter, the plaintiff Mamie Clore, all of said estate equally during their joint lives, with remainder in the whole for the life of the survivor, and with power in them and in such survivor to use and enjoy such property and estate during their natural lives, without limitation or restriction, including the full power on their parts to sell, and dispose of such property and use and enjoy the proceeds or corpus thereof as may appear to them or such survivor of them necessary or proper, for such use and enjoyment even to the exhaustion of the entire corpus thereof."

"After the death of both said life tenants, Mollie Clore and Mamie Clore, the remainder of such property and estate, if any, and which shall not have been consumed or disposed of by said life tenants is devised and given to his son the defendant, J. Mason Clore, provided he is then living, but if he shall die before the last survivor of said life tenants, then said remainder is given and devised the the legal heirs of said J. Mason Clore."

From this judgment J. Mason Clore and his children prosecute this appeal, insisting that "the testator by his will gave to his wife and daughter only the use and enjoyment of his estate to a reasonable degree, which means the income of the estate, with only such encroachments upon the principal as may be absolutely or reason-

ably necessary for their support. That the children of J. Mason Clore, remainderman (having a defeasible fee in remainder) have a contingent remainder over in the event of his death, not only in case he had died before his father, the testator, but in case he should hereafter die before his mother and sister, Mollie Clore and Mamie Clore.''

On the other hand it is the contention of counsel for the widow and daughter, the appellees, that the chancellor properly construed the clause in controversy.

A reading of the second clause of the will leaves no room to doubt that the comfortable support and maintenance of his wife and daughter was the dominant thought in the mind of testator. He wanted each of them to have the use and enjoyment of so much of his estate as might be reasonably necessary to furnish them a comfortable living. It is further apparent that he did not intend to limit them to an ordinary life estate or to confine them merely to the use and enjoyment of the income or profits of the devise. He contemplated that the income and profits might not be sufficient to provide for them the support he desired they should have and therefore he gave them the right to use, in addition to the income and profits, so much of the corpus of the estate as might be needed for their reasonable wants.

It is true there is no express power of disposition but this power is necessarily implied from the wording of the clause and the intention of the testator as therein expressed. The insertion of the words "if any" following the word "remainder" plainly shows that they should have the right to consume so much of the principal estate as might be necessary for their comfortable support and maintenance, leaving to the remainderman only so much of the estate as might be left after the wants of his wife and daughter had been satisfied.

We have had before us a number of cases involving the construction of clauses in wills similar to the clause here in question, but as it is rare, if ever, that two wills worded exactly alike may be found, it is extremely difficult to find any authority that may be said to be exactly in point. We have found, however, two cases in which the wills were so nearly like this as that they may be said to furnish controlling authority in the construction of this one.

In Martin v. Barnhill, 21 Ky. Law Rep. 1666, the clause of the will in controversy read as follows: "I will and bequeath to my beloved wife, Sieberia A. B. Barnhill, after my burial expenses and just debts are paid, all of my property, consisting of lands, stocks, moneys, bonds, notes, etc., household and kitchen furniture, to have and to hold, and to dispose of as her own property, as long as she shall live, and after her death to be equally divided among my children or their legal representatives." And the court, in construing this clause, said: "The first and most important question to be determined is the interest that the widow takes under the first clause of testator's will in the property devised to her. Is it a mere life estate, with the right to enjoy only the profit or income arising therefrom; or is she entitled, if necessary for her comfortable support and maintenance, to appropriate to her own use any part or all of the principal? It is adjudged by the chancellor that she took only a life estate therein, but if necessary for her comfortable support and maintenance, she being the judge thereof, she was entitled to appropriate as much of the principal or the personal property as she might desire. After a careful consideration of the language used by testator we are of the opinion that the judgment is in accord with the intention of testator; he certainly intended that she should have more than a mere life estate in the income of the property devised to her in the first clause of his will. He says he gives to her all of his property 'to have and to hold, and to dispose of as her own property.' If he had stopped here there could be no doubt that he intended to vest her with a fee simple estate, but he goes on and qualifies this language by adding thereto the words 'as long as she shall live, and after her death to be equally divided among my children or their legal representatives.' We think it was the intention of testator to provide for the comfortable support and maintenance of his wife as long as she should live, and that if necessary, to enable her to attain this object, she was authorized to treat the property bequeathed as her own, and to dispose of it as her necessities might require; and if at her death any part of it remained undisposed of it should then be equally divided among testator's children or their legal representatives. He did not intend that she should sell this property or give it away,

but that she should not be hampered in the appropriation to her own necessities.''

In Embry's Executrix v. Embry's Devisees, 31 Ky. Law Rep. 295, the clause in question read as follows: ''I give to my wife, Sallie A. Embry, all of my estate, of every kind and character of which I die possessed, to do with as she may please during her life, and at her death, if there is anything remaining of my estates of which I die possessed or the accumulations thereof, I desire that it shall go to and become the property of my daughter, Zedie Arbuckle, and her children.'' And the court said in this case: ''In the will before us, three features of the clause in controversy are prominent, first, that the testator intended that his wife should have the estate for life; second, that during her life she might dispose of the property as she pleased; third, that at her death whatever remained should descend to his daughter and her children.

''If the testator had intended to give the absolute and uncontrolled disposition of his estate to his widow he would not have provided for an interest in remainder, nor would he have, in any manner, limited her power of disposition. The will does not restrict the widow to a mere life estate, nor does it give her the fee. The manifest purpose of the testator was to provide in the most liberal way for the comfort and convenience and maintenance of his wife. With this object in mind he provided that although she should only own the estate for life, that during that time she might dispose of so much of it as was necessary to comfortably support and maintain her.''

Hickman v. Moore, 160 Ky. 475, is also pertinent, the clauses construed reading as follows: ''After my just debts and funeral expenses being paid, I give and bequeath unto my beloved wife, Clarisa Thornton, my entire land, consisting of three small tracts, also my entire stock consisting of horses, cattle, sheep and hogs, carriages, farming utensils, household and kitchen furniture, cash and cash notes, all of which I bequeath unto her own behoof or so much as may be necessary. Should circumstances occur during the life of my wife, that my executors in their wisdom should think proper to sell my lands and buy elsewhere, they shall have the exclusive right so to do. Also to convey said land by deed or otherwise.'' By the second clause it is provided that, ''after the death

of my said wife, Clarissa, I devise that Richard Hickman take possession of the remainder of my effects, if there be any, and hold the same until my two grandchildren become twenty-one years of age.''   And the court said: ''The use of the words by the testator in the first clause, 'all of which I bequeath unto her own behoof or so much as may be necessary,' taken with the further provision therein, 'that during her life the executors shall have the exclusive right to convey,' and in connection with the provision in the second paragraph that, 'the remainder of my effects, if there be any,' shall be divided between his two grandchildren, manifest a plain intention upon the part of the testator that his wife should be provided for and protected during her life no matter how much of his property might be consumed in that way; but that, if after such provision, at her death anything remained it was to go to his grandchildren.

''No greater effect can be given to these provisions than that the wife was to take a life estate in the property, and to have the right in addition thereto to encroach upon the principal, if it was necessary for her support and maintenance, but that whatever might be left should go in remainder to the grandchildren.''

Other illustrative cases are: Davis v. Walker, 163 Ky. 442; Dorsey v. Bryan, 170 Ky. 275; Commonwealth for the use, etc. v. Manual, Executor, 183 Ky. 48.

In the light of these authorities we think the judgment of the lower court conferred larger power on the wife and daughter concerning the disposition of the estate than the devise warranted.   As we understand the opinion of the court it gives to them ''without limitation or restriction'' the power to sell and dispose of the whole estate although it might not be necessary for their comfortable support and maintenance that the whole of the principal should be disposed of or consumed.

Under the judgment appealed from the wife and daughter are not restricted to a sale of so much of the estate as might be needed for their comfortable support and maintenance, but we think their power of disposition should have been so restricted by the judgment.   The testator did not intend, as we construe this clause, to give to his wife or daughter the unrestricted and unlimited power of sale or disposition.   In other words, they should not be allowed to sell the estate and give the proceeds

away or use them for purposes not connected with or necessary to their comfortable support and maintenance, but apparently they might do this under the judgment.

We are, therefore, of the opinion that the judgment should be so modified as to give to the widow and daughter or the survivor the power to sell and use for their personal necessities so much of the real estate as may be needed in connection with the income therefrom to afford them comfortable support and maintenance, and no more. They, of course, have the unrestricted right to the use and enjoyment of the income. With this they may do as they please, but if it be found that the income is not sufficient to comfortably support and maintain them then they may sell and dispose of so much and of no more of the corpus of the estate as may be necessary in connection with the income to give them the support indicated, even if it should take all of the principal of the estate.

In respect to the interest that J. Mason Clore took in the estate we think the lower court correctly adjudged that at the death of the widow and daughter the fee in the remainder, if any, passed as provided in the will to J. Mason Clore, if living, but if he should not be living at that time then the remainder, if any, of the estate vested in fee in his legal heirs.

Wherefore the judgment is reversed with directions to modify it as herein indicated.

---

RESPONSE TO THE PETITION FOR MODIFICATION AND EXTENSION OF OPINION, BY JUDGE THOMAS.

We are asked by the petition for modification and extension of the opinion filed by appellees to modify the same so as to give them the right to sell and dispose of the property devised as they may see fit, they to be the sole judges of their right to do so under the terms of the will. In other words, that their right of disposition shall be held unrestricted. We are further asked that if such modification be not made, that we indicate how, when and in what quantities the land shall be sold. After a careful review of the clause of the will involved,

we are still disposed to adhere to the opinion restricting the power of appellees to sell and dispose of any of the property, and that it should not be done except for the purposes mentioned in the opinion, and not until an order of the court directing it. The court, on a proper showing, being guided by the rights and interests of all parties upon the facts disclosed, may order either the whole or any part of the land sold for the purpose of maintaining and supporting the appellees in the manner set forth in the opinion, and may direct from time to time the amount of the proceeds which may be appropriated for that purpose by the appellees. If the court, under facts justifying it, should conclude that it would be to the best interests of all parties to sell the whole of the property, we see nothing in the will to prevent it, and in that case the proceeds over and above the amount adjudged to be necessary for the use of appellees could be taken charge of by a trustee and invested as the court directs, with authority in the trustee to advance to appellees out of the fund from time to time such sums as their necessities require. Such proceedings may be taken in this case upon proper pleadings being filed after it is returned to the court below.

We are further of the opinion that the mortgagee of the house and lot in Middletown should foreclose his mortgage in the usual way, since there are infants involved, and the court has no authority to order the property conveyed in satisfaction of a debt, but can only order it sold under decree after all parties shall have been brought before the court. We see no impropriety in the mortgagee interpleading in this case to obtain such a decree, but before judgment all parties should be brought into court upon that pleading.

Wherefore, the petition is extended as herein indicated, and in all other respects it is overruled.