## Garriott's Executrix v. Garriott, et al.

(Decided March 20, 1925.)

Appeal from Trimble Circuit Court.

1. Wills—Attempt to Dispose of Remnant After Death of Devisee of Absolute Title Held Ineffective.—Where devise to widow of absolute title with power of unlimited disposition is followed by a devise of remnant at widow's death, she takes fee simple title, unaffected by attempted disposal of remnant.

2. Wills—Devise to Widow Held to Permit Encroachment on Corpus of Estate for Maintenance.—Devise to widow to have and control during life as she pleases, property remaining at her death to be divided between children, or, in event óf remarriage, property then on hand to be divided among widow and two children, widow's third to do with as she pleases for life and all of it remaining at death to children, held to give widow right to encroach on corpus of estate if necessary for her maintenance and comfort, although not giving her unrestricted and unlimited power of disposal of corpus.

3. Executors and Administrators—Devisee for Life, with Limited Power of Disposition of Corpus, should Apply to Court for Sale Thereof.—Widow not being given unlimited power of disposition of corpus of estate by devise to use as she pleases during life, remnant to be divided between children, proper proceeding is to apply to court for sale of all or so much of property as proven necessary for comfort and support of devisee, any excess proceeds from sale to be held by trustee subject to direction of court.

4. Executors and Administrators—Right of Devisee for Life, with Limited Power to Dispose of Corpus, Not Affected by Mortgage of Future Contingent Interest.—Mortgage, by widow and son, of latter's contingent interest in estate devised to widow to use as she pleases during life, property remaining at her death to be divided between two children, held to have no effect on widow's right to sell, under court order, as much of corpus of estate as necessary for her comfort and support, but holder of note and mortgage should be brought into court before judgment of sale.

EDWARDS, ODGEN & PEAK for appellant.

Opinion of the Court by Judge Thomas—Reversing.

In February, 1900, Thomas E. Garriott executed his holographic will, which was unrevoked at the time of his subsequent death, and it was later duly and regularly probated. In it he devised to his two surviving children, Thomas L. and Lucy L. Garriott, $100.00 each, and-

the remaining portion of his estate he thus disposed of in his will:

"I bequeath as hereinafter directed to my dearly beloved wife, Edmonia Garriott, and I hereby constitute and appoint her sole executrix without security of this my last will and testament. I also appoint her guardian of our child, Lucy L. Garriott, she, my wife, is to have and control the above named property for and during her life as she pleases and at her death all that remains is to be equally divided between my said children, if my wife should marry then all the estate given herein to her and then on hand is to be divided between my wife and said children, one-third to her and one-third to each of them and the one-third she gets she may do with as she pleases for life and at her death all of it remaining is to be equally divided between by said children."

The sole question for determination on this appeal is, what interest and rights did the widow acquire, under the language of the will as contained in the above excerpt? It will be observed that the testator did not display literary accomplishments in the draft of his will and disregarded proper punctuation, but his intention and purpose were plainly expressed. The trial court adjudged that the widow and executrix, who filed this action in both capacities for a construction of the will, took thereunder only a life estate in testator's property, and from that judgment she prosecutes this appeal.

It will be observed that the language of the will does not give the widow the absolute title to the property with the express or implied power of unlimited disposition, followed by a devise of what may be left of it at her death to others, in which case the rule is that the widow would take the fee-simple title unaffected by the attempt of the testator to dispose of any remnant of the estate at her death. Greenway v. White, 196 Ky. 745, and other cases therein cited on page 750. Neither is the will one expressly or by clear implication confining the rights of the devisee to the income from the corpus of the estate without the further right in the devisee to consume the corpus, if necessary for his support, maintenance or the fulfillment of any other purpose expressed in the will; nor is it a case where the interest of the devisee is limited to a life estate only, but with power of unlimited dispo-

sition or sale by him upon his voluntary determination to
do so at any time.

On the contrary, the language of the testator is
plainly susceptible of no other construction than that his
widow should have, during her lifetime or widowhood,
the right to use the property devised to her "as she
pleases," and that if it became necessary for her main-
tenance and comfortable support to encroach upon the
corpus, she was given the right to do so. But if upon her
death such encroachment had not consumed all of the
property, then the remnant, if any, should go to his two
children as therein directed. If, however, the widow
should marry again, then the same rights were conferred
upon her, but only as to one-third of the property that
might be in existence at the time of such marriage.

The case is, therefore, one coming squarely within
the principles announced by this court in its opinion in
the case of Clore v. Clore, 184 Ky. 83. In that case the
will said: "I give and devise to my beloved wife, Mollie
Clore, and my daughter, Mamie Clore, equally, what-
ever remains of my estate, to use and enjoy during their
natural lives, with remainder, if any, to my son, J. Mason
Clore, if living, and in the event of his death before my
decease and the decease of my wife, Mollie Clore, and my
daughter, Mamie Clore, the remainder above mentioned
to his legal heirs equally," which, it will be observed, is
in substance the same as the language now before us for
interpretation. In announcing our conclusions as to the
intention and purpose of the testator in that case we said
in our opinion that "A reading of the second clause of
the will leaves no room to doubt that the comfortable sup-
port and maintenance of his wife and daughter was the
dominant thought in the mind of the testator. He wanted
each of them to have the use and enjoyment of so much
of his estate as might be reasonably necessary to furnish
them a comfortable living. It is further apparent that he
did not intend to limit them to an ordinary life estate or
to confine them merely to the use and enjoyment of the
income or profits of the devise. He contemplated that
the income and profits might not be sufficient to provide
for them the support he desired they should have, and
therefore he gave them the right to use, in addition to
the income and profits, so much of the corpus of the es-
tate as might be needed for their reasonable wants."
There was cited in that opinion as supporting the inter-
pretation therein adopted the cases of Martin v. Barn-

hill, 24 Ky. L. R. 1666; Embry's Executrix v. Embry's Devisees, 31 Ky. L. R. 295; Hickman v. Moore, 160 Ky. 475; Davis v. Walker, 163 Ky. 422; Dorsey v. Bryan, 170 Ky. 275, and Commonwealth v. Manuel, 183 Ky. 48, the opinions in each of which determine analogous questions and support the conclusions reached in the Clore case, which we now hold is conclusive of this one and that under the will of the decedent, Garriott, his widow took more than a life estate in the property devised to her and which was, that she might have the right to use, in addition to the income and profits, so much of the corpus of the estate as might be needed for her reasonable maintenance, comfort and wants.

But we are furthermore of the opinion that, as held in the Clore case, the widow and appellant herein was not intended to be given by the testator "the unrestricted and unlimited power to sell and dispose of the corpus." In other words, as was also held in that opinion, she "should not be allowed to sell the estate and give the proceeds away for a purpose not connected with or necessary to her comfort, support and maintenance." She does, however, have the right to appropriate the corpus of the estate, even to the whole of it, if necessary to carry out the intention and purpose of the testator, her deceased husband. But it was also held in that case, in response to a petition for an extension of the opinion, that, since the devisee was not given the unlimited and unrestricted power of disposition upon their own volition, the proper procedure was to apply to the court having jurisdiction for a sale of all or so much of the property as the proof might develop to be necessary for the benefit of the devisee, as contemplated by the testator. So that, upon a return of this case, the court will construe the will as herein indicated and give the plaintiff leave to file such additional pleadings as may be necessary, after which proof may be taken, and all, or so much of the property, may be sold as the court may direct; but if more of it should be sold under such order than was necessary for the *immediate* use of plaintiff, under the determination of the court that it was to the best interest of all parties to do so, then, as said in the response to the petition for extension in the Clore case, "the proceeds over and above the amount adjudged to be necessary for the use of appellees (appellant) could be taken charge of by a trustee and invested as the court directs, with authority in the trustee to advance to appellees (appellant)

out of the fund from time to time such sums as their (her) necessities require.''

It appears in the record that testator's son executed a note to his divorced wife, who was constructively summoned, for the sum of $8,281.50, payable at the death of his mother, the appellant, without interest. The mother signed the note as surety but with the express understanding in the obligation itself that no part of her interest in the devised property should be subjected to its payment, and she and her son mortgaged the latter's future contingent interest in the entire estate to secure that note. It is doubtful if the question as to the rights of the mortgagee therein are properly before us for determination, but clearly, that transaction *as executed* can have no effect upon the rights of the widow as hereinbefore adjudged. Whether that mortgage will attach or be enforceable against the son's one-half of what may be left of the property at the widow's death, we need not determine. However, we think proper practice requires that the holder of that note and mortgage should be brought before the court before any judgment of sale is rendered, and which seems to have been done, and the case, henceforth, in carrying out the directions herein, should proceed in the regular way as against parties constructively summoned.

It will be observed that our interpretation of the will in contest is, that it does not require the devised property to remain in kind till the widow's death, since there is nothing in it to indicate that such was the intention of the testator.

Wherefore, the judgment is reversed, with directions to set it aside and for further proceedings consistent with this opinion.