## Louisville Baptist Orphans' Home, Inc. v. Igleheart's Administrators.

(Decided March 23, 1928.)

### Appeal from Ohio Circuit Court.

1. Life Estates.—Where will authorizes sale for support, and life tenant is not given power to sell, court must be applied to, and sale may be only had under order of court, for life tenant who exercises no authority not conferred by will, but application to court for sale of land is unnecessary where will expressly authorizes sale by life tenant.

2. Life Estates.—Under will bequeathing property for support and comfort of life tenant with power to sell and convey, life tenant had authority to sell land without applying to court for authority to do so.

M. L. MARSHALL and KIRK & BARTLETT for appellant.

BARNES & SMITH for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

The will of J. B. Igleheart is in these words:

"I, James B. Igleheart make this my last will and testament. 1st. I desire my debts paid out of first money received by my executrix herein named. 2nd. I will and bequeath all my property, both real and personal to my wife P. J. Igleheart, to be used by her for her support and comfort during her lifetime, with full power to sell and convey any or all of my real estate. 3rd. After the death of my wife, it is my will that the residue of my estate left shall be equally divided between the trustees of the general Baptist College at Owensville in the state of Indiana and the trustee of the Baptist Orphans' Home at Louisville, Kentucky.

"I hereby nominate my wife, P. J. Igleheart, executrix of this my last will and request of the court that no bond be required of her, and that no inventory be made of my estate, it being my desire that she have full control and ownership of all my property during her life."

Mrs. P. J. Igleheart did not qualify as executrix of the will. E. F. Jackson and Belva Stroud qualified as

administrators with the will annexed and brought this suit against the remaindermen for a construction of the will and prayed judgment that the will be construed to mean that Mrs. Igleheart was vested with the power to sell and convey real or personal property and to appropriate the proceeds resulting from the sale of the estate to her own use. The Louisville Baptist Orphans' Home filed answer in which it alleged that Mrs. Igleheart is now more than 80 years of age; the corpus of the estate consists of about $2,000 in cash and real estate of value of $5,000, and that no part of it need be consumed or disposed of as the income from the property is amply sufficient to supply Mrs. Igleheart with a comfortable support. It prayed the court to adjudge that Mrs. Igleheart only has a life interest in so much of the estate as may be necessary for her support and comfort, and has not the right or power to dispose of the corpus of the estate until the necessity therefor has been determined by a court of competent jurisdiction in an action wherein all the parties in interest may be heard. The circuit court sustained a demurrer to the answer, and adjudged that Mrs. Igleheart was devised all the property to be used for her support and comfort during her lifetime, with power to sell and convey any part of it and to apply the proceeds so far as necessary for her comfortable support and maintenance. The orphans' home appeals.

It is insisted for the appellant that the judgment of the court is in conflict with the case of Clore v. Clore, 184 Ky. 83, 211 S. W. 208, and several cases following it. But the will in the Clore case did not give the life tenant the power to sell and convey the property. It only devised to the remainderman what was left at her death. The distinction between that line of cases and the case we have here was pointed out in Kincaid v. Bell, 205 Ky. 487, 266 S. W. 44, where the will was similar to that in Clore v. Clore, and the court said:

"In a number of cases we have held that such language does not restrict the devisee to a mere life estate, but, if necessary for her comfortable enjoyment, the life tenant may also consume so much of the corpus of the estate as may be necessary for her comfortable support and maintenance, leaving to the remainderman only so much of the estate as may be left after the wants of the life tenant are satisfied.
. . .

"However, where power to sell is not expressly given to a life tenant, and no discretion is vested in him to determine when a sale is necessary for his use and enjoyment, we have held that an implied disposition and use of the corpus for the life tenant cannot be exercised except when the necessity exists, and that the life tenant may not judge of such necessity, but to enforce such provisions it is essential for him to invoke the aid of a court of equity for that purpose."

That case was since followed in Sisson v. Sisson, 208 Ky. 843, 272 S. W. 15, where the life tenant was not by the will given power to sell the land. Where the will authorizes a sale for her support, and the life tenant is not given power to sell, the court must be applied to; and the sale may be only had under an order of court, for the life tenant can exercise no authority not conferred by the will; but, where the will expressly authorizes the life tenant to sell and convey, there is no necessity for an application to the court to adjudge a sale of the land. This case is not unlike Martin v. Barnhill, 56 S. W. 160, 21 Ky. Law Rep. 1666, where, construing a similar will, this court said:

"We think it was the intention of testator to provide for the comfortable support and maintenance of his wife as long as she should live, and that, if necessary to enable her to attain this object, she was authorized to treat the property bequeathed as her own, and to dispose of it as her necessities might require, and, if at her death any part of it remained undisposed of, it should then be equally divided among testator's children, or their legal representatives. He did not intend that she should sell this property or give it away, but that she should not be hampered in its appropriation to her own necessities."

In that case it was averred that her son had procured from the widow by undue influence a gift of the property, and it was held that she could not give the property away. So in this case the widow, if she sells the land will hold the proceeds just as she held the land. But she may make a sale of the land without applying to the court for authority to do so. Mrs. Igleheart holds

during her lifetime all the estate she receives under the will for her comfort and support, and may only use or spend it for her comfort and support.

Judgment affirmed.