## Maynard v. Raines et al.

## Maynard v. Skaggs.

(Decided October 20, 1931.)

C. F. SEE, Jr., for appellant.

CAIN & THOMPSON, A. O. CARTER and W. J. ROBERTS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

These two appeals grow out of actions that were consolidated and heard together, and will be considered in one opinion.

The facts are these: W. S. Vinson and Florence Vinson formerly lived on a farm on Tug Fork of Big Sandy river, not far from Louisa, where they reared their children, who appear to have been in comfortable circumstances. A short time before their death, they moved to Louisa to live. At that time, each was suffering from an incurable disease. Mr. Vinson's estate consisted of a house and lot in Louisa, and two $1,100 notes. He died testate on January 12, 1925, survived by his widow and several children. The material portion of his will is as follows:

"I first direct the payment of all just debts thereafter I bequeath to my wife Florence Vinson, all my property whatsoever kind during the period of her life; with full power of disposition vested in her to sell or dispose of any or all of same, in event it is necessary for her support; then after her death it is my will that said property remaining, shall be equally divided between my three children, by name, Thursa Vinson Maynard, Myrtle Vinson McClung, and Sherman Vinson,—my other children having heretofore received their just share.

"I appoint Florence Vinson, executrix of my will, without bond and without necessity of making inventory or appraisal."

After the payment of his debts and funeral expenses, his estate amounted to about $3,700. The proceeds of the notes were invested in other town property. On November 5, 1925, the widow sold and conveyed a portion of the house and lot purchased by the testator to one Thomas Pauley for the recited consideration of $1,500. This property was afterwards conveyed by Pauley to James Skaggs. On July 19, 1926, the other house and lot was sold to J. J. Raines and Rice McClure for $2,000. With the exception of $500 paid in cash, the remainder of the consideration was paid in small sums on orders from the widow. The last-mentioned deed was signed not only by the widow, but by two of the beneficiaries in the will, Myrtle Vinson McClung, and Sherman Vinson, and their spouses.

On the death of the widow, which occurred two years and one month after the death of the testator, Thursa Vinson Maynard, one of the beneficiaries of the

will, brought separate suits against Skaggs, and Raines, and McClure to recover a one-third interest in each of the tracts. On final hearing, the petition in each case was dismissed.

Florence Vinson, the widow, did not take a fee, but only a life estate, with the power to convert it into a fee by a sale of the property for her necessary support. But appellant contends that she could not sell the property unless she obtained authority from the proper court. It is true that in certain cases, such as Clore v. Clore, 184 Ky. 83, 211 S. W. 208; Kincaid v. Bell, 205 Ky. 487, 266 S. W. 44; Garriott v. Garriott, 208 Ky. 94, 270 S. W. 484; and Graves v. Jasper, 233 Ky. 388, 25 S. W. (2d) 1040; we held under the wills there involved that the life tenant could not encroach on the corpus of the estate without authority from the court. The basis of the ruling was that in each case the life tenant was given the power to use and enjoy the estate for his comfortable support without any express power of sale. However, when there is an express power of sale for purposes of support, we have uniformly ruled that the life tenant is the judge of the necessity, and may sell the property without applying to the court. Louisville Baptist Orphans' Home v. Igleheart's Adm'rs, 223 Ky. 702, 4 S. W. (2d) 693; Fidelity & Columbia Trust Co. v. Harkleroad, 224 Ky. 5, 5 S. W. (2d) 477. Here the property was devised to the widow during the period of her life "with full power of disposition vested in her to sell or dispose of any or all of same in the event it is necessary for her support." Thus the testator's chief concern was the welfare of his wife. He gave her the express power to sell for her necessary support, and made her the judge of the necessity. Of course she could not give the property away. Evans v. Leer, 232 Ky. 358, 23 S. W. (2d) 553. But no such case is presented. Each of the grantees paid a valuable and adequate consideration for the property he purchased. When this was done, the title passed, and what the life tenant thereafter did with the proceeds in nowise affected the title conveyed. As a perfect title passed by the life tenant's exercise of the express power, it necessarily follows that appellant has no interest in either tract conveyed.

Judgment affirmed.