## West et al. v. Christopher.

June 15, 1943.

Shumate & Shumate for appellants.

Otto R. Keiter for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

A. F. West died testate in 1939. He left his home

place and all of his personalty to his wife, Mary West, save a $1,000 bequest to his daughter, Mrs. Udell Piatt, and two $100 bequests.

The Seventh and Eighth clauses of the will follow:

"Seventh: All other real estate I own at my death, I will and bequeath to my wife, her lifetime, and at her death I will and bequeath to my daughter, Udell Piatt, her lifetime and at her death to her bodily heirs, if she has any; if my daughter has no heirs, then I will that what is remaining of my estate be divided one-half to my surviving heirs and one-half to my wife's, Mary West, heirs as the law directs.

"Eighth: I appoint my wife, Mary West, executrix of this my will without bond, and give her power to sell and transfer my real estate if it becomes necessary to defray her living expenses, and I appoint Clarence Miller, attorney as my executrix's legal adviser."

In April, 1943, Mrs. West entered into a contract with C. A. Christopher to sell him a farm, which comprised the remainder of A. F. West's estate. The purchase price was $10,000. Mrs. West, Mrs. Piatt and Mr. Christopher joined in this action to have determined the question of whether Christopher would receive a good title to the property. The chancellor ruled that it was a condition precedent for Mrs. West to show the necessity of selling the farm in order to defray her living expenses before the sale could be approved. Since this was not done, he refused to approve the sale.

In urging reversal the appellants insist that Mr. Christopher can not question Mrs. West's right to convey the property. All of the parties want the sale consummated, provided good title can be conveyed.

We believe the judgment to be in error. Clause Eight of the will gave Mrs. West an express power to sell for the purpose of her support. The case of Maynard v. Raines, 240 Ky. 614, 42 S. W. (2d) 873, dealt with a will under which a widow, Florence Vinson, was given a life estate in all of the property of her husband for life "with full power of disposition vested in her to sell or dispose of any or all of same, in event it is necessary for her support." Mrs. Vinson sold some of the

real estate left by her husband. After her death question was raised as to the validity of the sale, it being contended that the widow was not authorized to sell the property without court approval. The lower court upheld the sale, and in affirming that ruling this Court said:

"* * * However, when there is an express power of sale for purposes of support, we have uniformly ruled that the life tenant is the judge of the necessity, and may sell the property without applying to the court. Louisville Baptist Orphans' Home v. Igleheart's Adm'rs, 223 Ky. 702, 4 S. W. (2d) 693; Fidelity & Columbia Trust Co. v. Harkleroad, 224 Ky. 5, 5 S. W. (2d) 477. Here the property was devised to the widow during the period of her life 'with full power of disposition vested in her to sell or dispose of any or all of same in the event it is necessary for her support.' Thus the testator's chief concern was the welfare of his wife. He gave her the express power to sell for her necessary support, and made her the judge of the necessity. * * *"

The Maynard case is controlling here, since, as we have indicated, Mrs. West was given an express power of sale for the purpose of her support.

Judgment reversed with directions to set it aside and for the entry of a judgment in conformity with this opinion.