## Becker et al. v. Louisville Title Ins. Co.

May 29, 1945.

Boyd & Boyd for appellants.

Joseph S. Freeland, Waller & Threlkeld, and Wheeler & Shelbourne for appellee.

OPINION OF THE COURT BY JUDGE HARRIS — Affirming.

This action for a declaration of rights and for all incidental and proper relief was instituted by the Louisville Title Insurance Company, trustee, as plaintiff against the appellants as defendants. The nature of the controversy and the facts and circumstances giving rise thereto, all of which are set forth in the petition, are these:

On August 3, 1927, one Richard Calissi, a resident of Paducah, borrowed from the Louisville Title Company the sum of $23,000, evidenced by his twenty-five bonds payable to the Louisville Title Company, trustee, or to bearer. To secure the payment of these bonds he and his wife, Mary F. Calissi, executed and delivered to the trustee a mortgage deed of trust on several parcels of Paducah real estate. Some time thereafter, by proper proceedings in the Jefferson Circuit Court, the plaintiff in the present action—whose corporate name at that time was the Title Insurance and Trust Company—was constituted trustee in lieu of the Louisville Title Company. On March —, 1929, Richard Calissi died. On March 20, 1929, his widow, Mary F. Calissi, caused his will to be probated in the McCracken County Court, and herself to be qualified as executrix. The will reads:

"I, Richard Calissi, of Paducah, Kentucky, being of sound mind and disposing memory, do hereby make and declare this to be my last will and testament, hereby

revoking any and all former wills or codicils heretofore made by me.

"1.—I wish all my just debts, including my funeral expenses to be first paid out of my estate.

"2.—I hereby give and bequeath all of my property of whatsoever character or kind, or wherever situated, to my wife, Mary F. Calissi, to be held, controlled and used by her for her maintenance, support and enjoyment for the period of her natural life, and for that purpose she may make use of any part or all of the principal of my said estate if the same shall be necessary for her comfortable support, maintenance and enjoyment, and she may transfer, sell and convey any part of my said estate and pass title thereto as fully and completely as may be necessary.

"3.—In the event of the death of my wife leaving any of my said estate undisposed of, then the same shall be divided in equal shares to my children, Mrs. Sylvia Kennedy, Mrs. Ethel C. Becker and my grand-son, Robert Richard Randolph, but that portion of my estate devised to Robert Richard Randolph shall vest in Ethel C. Becker in trust for the use of said Robert Richard Randolph until his arrival at the age of twenty-one (21) years. Said Trustee, or any successor in said tract, is hereby given power and authority to invest, reinvest, transfer, sell or convey from time to time any part of said trust estate and pass title thereto as same may become necessary in the proper handling of said trust estate.

"4.—I hereby appoint my wife, Mrs. Mary F. Calissi, as executrix of this my will and testament and direct that she be permitted to qualify as such without surety on her bond and that no inventory of my estate be filed in the County Court.

"In testimony whereof, I have hereunto set my hand this 14th day of July, 1928."

In June of 1934, the above-mentioned bonds being in default and unpaid to the extent of $14,000, the trustee, plaintiff herein, instituted equity action 2779 in the McCracken Circuit Court for a sale of the mortgaged property and for an application of the proceeds. In that action only two persons were named as defendants:

Mary F. Calissi and the United States Rubber Company —the former as though she were the owner of the property in fee simple; and the latter because it had obtained a judgment against Mrs. Calissi and had levied an execution on a portion of the mortgaged property. Later in 1934, in the absence of a defense by either defendant, and pursuant to proper judgment and order of sale, the mortgaged property, which had been appraised at $13,000 was sold to the plaintiff trustee at the price of $8,700. The sale having been reported and confirmed and proper deed having been made and delivered, the plaintiff trustee, by deeds of general warranty, sold and conveyed the property, as three separate lots, to Nell Martin, to Stella Wade, and to the City Consumers Company, respectively. On June 7, 1943, Mary F. Calissi died; and thereupon, as devisees under the will, the defendants claimed to be the owners of the property, free of any title, claim or lien of the trustee, or of the trustee's grantees, and began to threaten to take legal steps to obtain possession.

In addition to pleading all of the foregoing matters, the trustee filed as exhibits with its petition herein a copy of its petition in action 2779 and the exhibits filed therewith, including the original mortgage, the bonds, the judgment, the report and confirmation of sale, and the deed which was executed by the Master Commissioner. It further plead that Richard Calissi left no personal estate and that there was no property other than that in controversy out of which to satisfy all or any part of its debt. The petition prayed: (1) that it be adjudged that the appellants do not have any interest in the property mentioned; (2) that it be adjudged that appellants were not necessary parties to the former action; and that the fee-simple title to that property passed by the Commissioner's deed to the trustee; (3) that if it should be adjudged that the appellants are the owners of the property, or that they have any interest therein, then and in that event they prayed to be adjudged a lien upon appellants' interests. The prayer also requested a declaration of rights and other relief not necessary to be mentioned here.

The appellants filed a general demurrer and also an answer, which was made a cross-petition against each of the trustee's vendees. The substance of this plead-

ing and the nature and sequence of the steps subsequently taken are sufficiently indicated by the recitations in the judgment appealed from and by the points assigned and argued in appellants' brief.

The pertinent provisions of the judgment read:

"* * * it is ordered that the general demurrer of the defendants to the petition of the plaintiff be and the same is hereby overruled * * * that the general demurrers of the plaintiff and of the cross-defendants to the answer and cross-petition of the defendants be and the same are hereby sustained. * * * Then came the defendants and declined to amend or to plead further * * * Upon motion of plaintiff and all cross-defendants it is ordered that this cause be now submitted * * * and it is considered, decreed, and adjudged:

"(1) That the defendants, or any of them, were not necessary parties to the action of 'Title Insurance and Trust Company, Trustee, v. Mary F. Calissi et al.', No. E-2779, in the McCracken Circuit Court; that the fee simple title in and to the property hereinafter described passed under, and was purchased by plaintiff at the decretal sale held on November 5, 1934, under judgment of this Court in that action; that the fee simple title thereto was conveyed by the Commissioner's deed executed to plaintiff pursuant to said sale; and that said property is described as follows:"

In their brief the appellants contend: that they took a defeasible remainder under the will, and that they were, therefore, necessary parties to action 2779; that Mary F. Calissi having died without having sold the property, and they not having been parties to action 2779, they have never been divested of their interest in the property and are now entitled to possession; that the mortgage bonds were merged in the former action, and for this reason the trustee is no longer the owner of them; that since the trustee is no longer the owner of the bonds it cannot maintain this action; that since they allege in their answer and cross-petition that in the former proceeding the court sold and the trustee purchased only the life estate of Mary F. Calissi, this allegation stands confessed for the purposes of and is sufficient to defeat the demurrers.

The appellants' pleading does not deny that the will

reads as plead by the trustee or that the proceedings had in the former action are not correctly recited in its petition; in fact, their entire answer and counter-claim is predicated on the assumption that those recitals are true. Their allegation that in the former proceeding the court sold and the trustee purchased only the life estate of Mary F. Calissi, is a mere conclusion, and does not stand confessed by the demurrer. See Calloway v. Bryant, 204 Ky. 160, 263 S. W. 687.

Appellants' principal argument, however, deals with their contention that under the will they took a defeasible remainder and were, therefore, necessary parties to the foreclosure suit; that for these reasons their demurrer should have been sustained and the appellees' demurrers should have been overruled.

We have perused each of appellants' cited cases but we find that in no one of them were the facts in point with those in the instant one, or of sufficient similarity to be controlling here. In no one of those cases was the life tenant given authority by the instrument creating his estate to sell or dispose of the property without the intervention of a court or without making the remainder-men parties to an action for a sale of the property. Furthermore, in each of the cited cases involving remainder estates, the testator first devised a remainder interest and then provided for its defeat by the occurrence of a given contingency. Such is not the substance or the purport of the devise now before us. Here the testator did not make a devise in favor of the appellants and then provide for a contingency which would defeat it. In the first item of his will he directed that his just debts be paid; in the second item he gave all his property to his wife to be held, controlled, and used by her for her maintenance, support and enjoyment for the period of her natural life, and invested her with power and authority to transfer, sell and convey any part of his estate and to pass title thereto; and then by item three he provided that if at the death of his wife any of his property should remain undisposed of, the same should be divided among the appellants. On the authority of Maynard v. Raines et al., 240 Ky. 614, 42 S. W. 2d 873; Fidelity & Columbia Trust Co. v. Harkleroad, 224 Ky. 5, 5 S. W. 2d 477; Louisville Baptist Orphans' Home v. Igleheart's Adm'r. 223 Ky. 702, 4 S. W. 2d 693; Kincaid v. Bell, 205

Ky. 487, 266 S. W. 44, 45, the widow was fully empowered to make a sale of the property in question without the intervention of any court, and without the permission or advice of the appellants.

The testator's obligation to the trustee, it must be assumed from this record, was a just and honorable one and he left no other property out of which to satisfy all or any part of its debt. Under these circumstances his widow and executrix not only had the authority but it was her obligation and duty to effect a sale of the property and to discharge the trustee's debt out of the proceeds. When, therefore, the trustee obtained a sale of the property in the former action for the purpose of satisfying the testator's indebtedness to it, it was in effect doing the very thing that the widow should have done. Not only that: the failure of the widow to answer or defend can only be construed as an election on her part to dispose of the property at a court sale in that action, rather than at a sale to be conducted by her privately; that the petition was filed by the trustee is immaterial. And since the will empowered her to make the sale free of the titles and interests of the appellants, the method which she selected for that purpose is likewise immaterial; especially in view of the fact that the appellants do not allege fraud or collusion, or that they were prejudiced by reason of that particular type of sale.

In view of what has been said there would be no point in our discussing the other questions presented and argued.

Judgment affirmed.