### Rosenberg v. Briscoe's Ex'x et al.
### Georgetown College et al. v. Same.

Nov. 23, 1945.

Stoll, Muir, Townsend, Park & Mohney and Richard P. Stoll for appellants.

Lawrence C. Jenkins and Grover C. Thompson for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

This suit to require specific performance of a contract of purchase and a declaration of rights tests the power of the executrix of the will of James L. Briscoe to sell and convey certain property on Deweese Street, in Lexington.

The third paragraph of the will is as follows: "All the rest and residue of my estate, real and personal and mixed, wheresoever situated and of every nature whatsoever, I bequeath and devise to my dear wife, Elizabeth M. Briscoe, for and during her natural life and for so long as she remains my widow. I further will and direct that if, during the life of my said wife, Elizabeth M. Briscoe, it should become necessary to sell any of my real estate for taxes, insurance premiums, necessary repairs and maintenance of such property, or for the support, maintenance, hospital bills, nurse hire, doctor bills, or if any emergency arises to necessitate additional expenses in the preservation of the property and assets of my estate, or the preservation of health and proper care of my said wife, then my Executrix hereinafter named shall have full power and authority to sell and convey said property with an absolute fee simple title, and my said wife, whom I designate in another clause of this will, as my Executrix of my estate, shall exercise her sound discretion in using so much of the principal of my estate as shall be needed for the above mentioned purposes."

A number of parcels of real estate passed under the will. There is no contradiction of the testimony of Mrs. Briscoe that it is necessary to sell this property in order to obtain funds to pay inheritance taxes; to repair eight other houses; to make certain payments on a mortgage, and to pay insurance premiums. If the property covered by the contract of sale be not sold, it will require the expenditure of a considerable sum in repairing and installing necessary plumbing. The widow had paid doctors bills and funeral expenses of her deceased husband out of her personal funds and had not been reimbursed. She is under the care of physicians and without funds to meet those expenses.

It was adjudged that the power of sale is vested in the executrix upon a showing of necessity therefor as long as she remains unmarried, and if she should marry her changed condition would not affect the sale made

while she was the widow. It was further adjudged that it is necessary to sell the particular property for the purpose of paying inheritance taxes and the debts of the estate; that the tendered deed to the vendee, Julius Rosenberg, is a valid exercise of the power and that it will convey a good title. Specific performance was decreed.

Georgetown College and the Board of Trustees of Immanuel Baptist Church, residuary devisees, intervened and raised the issue of the power in the executrix to sell the property. On the appeal they make the point that the petition was defective in failing to give the facts and figures showing the necessity for making the sale, and that it should not have been so adjudged. The appellees submit that the executrix has the power of sale whenever she herself deems it necessary for any of the purposes stated in the will, and that a judicial adjudication as a condition precedent is not necessary. They rely upon York v. York, 275 Ky. 573, 122 S. W. 2d 140; West v. Christopher, 294 Ky. 675, 172 S. W. 2d 563.

There was no motion to make the petition more definite and specific. And since the plaintiff did establish the necessity and obtain judicial sanction of the sale, we need not pass upon the point that it was not required. We concur in the conclusion of the chancellor.

Judgment affirmed.