## Weeks et al. v. Briscoe.

September 23, 1947.

Chester D. Adams, Judge.

Grover C. Thompson for appellants.

Neil G. Sullivan for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The facts giving rise to the controversy are not material to a discussion of the only question presented, viz., whether Elizabeth M. Briscoe, life tenant under and executrix of the will of her deceased husband, James L. Briscoe, has been vested with the power, under Clause Three of the will, to sell and convey the real estate of her deceased husband upon her own determination that it is necessary for the purposes set out in Clause Three, and without the necessity of obtaining the consent of the Court or permission of the remaindermen. Clause Three of the will reads: ·

"Third. All the rest and residue of my estate, real and personal and mixed, wheresoever situated and of every nature whatsoever, I bequeath and devise to my

dear wife, Elizabeth M. Briscoe, for and during her natural life and for so long as she remains my widow. I further will and direct that if, during the life of my said wife, Elizabeth M. Briscoe, it should become necessary to sell any of my real estate for taxes, insurance premiums, necessary repairs and maintenance of such property, or for the support, maintenance, hospital bills, nurse hire, doctor bills, or if any emergency arises to necessitate additional expenses in the preservation of the property and assets of my estate, or the preservation of health and proper care of my said wife, then my Executrix hereinafter named shall have full power and authority to sell and convey said property with an absolute fee simple title, and my said wife, whom I designate in another clause of this will, as my Executrix of my estate, shall exercise her sound discretion in using so much of the principal of my estate as shall be needed for the above mentioned purposes.''

The cardinal rule for the construction of wills is to ascertain the intention of the testator from the language employed by him. Winn v. William, 292 Ky. 44, 165 S. W. 2d 961, and the many cases cited in Vol. 19, Ky. Dig., Part 1, Wills, Key 439. It is manifest that the testator's first and principal concern was the care and maintenance of his wife during her life or widowhood. It is clear that the testator feared that the income from the estate might become insufficient to pay taxes, insurance premiums, costs of making necessary repairs to the property devised, and in addition thereto provide for the support and maintenance of his wife during her life or widowhood; and it is also clear that, if the income of the estate should prove to be insufficient, the testator intended that so much of the corpus as necessary should be encroached upon for such purposes. Where such intention is manifest from the language employed in the will, and the power of sale is not expressly granted to the life tenant or the executor, we invariably have held that a sale of the property may be had only upon application to the Court and a determination by it that the necessity exists. Clore v. Clore, 184 Ky. 83, 211 S. W. 208; Kincaid v. Bell, 205 Ky. 487, 266 S. W. 44; Graves v. Jasper, 233 Ky. 388, 25 S. W. 2d 1040, and others. But where the power of sale is vested in the life tenant or executor without limitation, we have held that the one in whom the

power is vested may sell the property without judicial sanction or permission of the remaindermen. Louisville Baptist Orphans' Home v. Igleheart's Adm'rs et al., 223 Ky. 702, 4 S. W. 2d 693; Fidelity & Columbia Trust Co. v. Harkleroad et al., 224 Ky. 5, 5 S. W. 2d 477; Maynard v. Raines et al., 240 Ky. 614, 42 S. W. 2d 873; West et al. v. Christopher, 294 Ky. 675, 172 S. W. 2d 563; and Becker et al. v. Louisville Title Ins. Co., 300 Ky. 102, 188 S. W. 2d 110. By Clause Three of his will Mr. Briscoe not only granted to appellee the power of sale, but he expressly stated that she should exercise her sound discretion in using so much of the principal of the estate as may be needed for the purposes set out above. Under the authorities above recited, we are of the opinion that appellee is empowered to sell the property in question without the intervention of any court and without the permission of the remaindermen, all of whom are parties to this action.

The judgment is affirmed.